IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2018-BO

| | | |
|---|---|---|
| CHARLES IRA ARRINGTON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RENOICE E. STANCIL, | ) | |
| Respondent. | ) | |

Charles Ira Arrington ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Renoice E. Stancil ("respondent") moved for summary judgment based on untimeliness and the filing of the petition outside the statute of limitations period (D.E. # 8). 28 U.S.C. § 2244(d)(1). Petitioner responded (D.E. # 13) to the pending motion, and the matter is ripe for determination.

I.  Background

Petitioner is a prisoner of the State of North Carolina. On July 30, 2008, in the Superior Court of Halifax County, petitioner was convicted after trial by jury of felony fleeing to elude arrest and driving while licence revoked. (Mem. in Supp. of Mot. for Summ. J., Ex. 1). He was sentenced to a term of 127-162 months imprisonment. (Id.) Petitioner was represented at trial by Ronnie C. Reeves. (Id.) Petitioner appealed and on July 21, 2009, the North Carolina Court of Appeals issued an unpublished opinion finding no error. State v. Arrington, 2009 N.C. App Lexis 1229 (2009). On appeal petitioner was represented by Thomas Reston Wilson. (Id.) On March 31, 2010, petitioner dated a pro se petition for discretionary review (PDR) in the Supreme Court of North Carolina (receive stamped April 5, 2010). Mem. in Supp. of Mot. for Summ. J., Ex. 5). On June 16, 2010, the PDR was denied. State v.Arrington, 364 N.C. 242, 698

S.E.2d 655 (2010). On July 27, 2010, petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of Halifax County. Mem. in Supp. of Mot. for Summ. J., Ex. 7). On September 1, 2010, the MAR was summarily denied. (Id., Ex. 8). On October 12, 2010, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Id., Ex. 9) Certiorari was denied on October 29, 2010. (Id., Ex.11) Petitioner dated his pro se federal habeas application form January 25, 2011, and filed it in this court on January 27, 2011.

II. Issues

Petitioner raises one issue in this petition: Ineffective assistance of trial counsel due tot he failure of counsel to conduct a reasonable pre-trial investigation.

III. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application .. is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

S.E.2d 655 (2010). On July 27, 2010, petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of Halifax County. Mem. in Supp. of Mot. for Summ. J., Ex. 7). On September 1, 2010, the MAR was summarily denied. (Id., Ex. 8). On October 12, 2010, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Id., Ex. 9) Certiorari was denied on October 29, 2010. (Id., Ex.11) Petitioner dated his pro se federal habeas application form January 25, 2011, and filed it in this court on January 27, 2011.

II. Issues

Petitioner raises one issue in this petition: Ineffective assistance of trial counsel due tot he failure of counsel to conduct a reasonable pre-trial investigation.

III. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application .. is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on Tuesday, August 25, 2009, i.e., 35 days after the North Carolina Court of Appeal's July 21, 2009, opinion. See Gonzalez v. Thaler, ___ S.Ct. ___, 2012 WL 43513 (2012) (case final when defendant declines to seek review in state's highest court after the period of time in which to file for such review has expired); See N.C.R. of App. P., Rules 14(a) and 15(b) (2011) (15 days after issuance of Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review to Supreme Court of North Carolina); Rule 32(b) (2011) (unless court orders otherwise mandate issues 20

3

days after written opinion filed); see also, Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (conviction final on direct review 35 days after North Carolina Court of Appeals' opinion where petitioner does not file timely petition for discretionary review to Supreme Court of North Carolina), appeal dismissed, 145 Fed. App'x. 444 (4th Cir. 2005); and Headen v. Beck, 367 F. Supp. 2d 929 (M.D.N.C. 2005) (same). Thereafter, petitioner did not file a timely notice of appeal or petition for discretionary review to the Supreme Court of North Carolina on direct appellate review.[1] Because this ended his appellate pursuit in state court, petitioner does not received the benefit of 90 additional days to file a certiorari petition to the Supreme Court of the United States under Supreme Court Rule 13.1. Gonzalez v. Thaler, ___ S.Ct. ___ , 2012 WL 43513 (2012).

Thus, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from Tuesday, August 25, 2009, for 336 days until he filed his pro se MAR in the Superior Court of Halifax County on July 27, 2010. See N.C.G.S. § 15A-1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15A-951(c) (2009) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or

---

[1] Petitioner's out-of-time pro se PDR filed in the Supreme Court of North Carolina on March 31, 2010, seeking to review of the North Carolina Court of Appeals' opinion on direct review, does to resurrect his direct appeal, or otherwise toll the one-year period of limitation. See N.C. R. App. P. Rule 21 (2006); see generally, Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (M.D.N.C. 2004) ("A request for an "extraordinary writ," which is not part of the regular review process, does not toll the AEDPA limitation period); and Headen v. Beck, 367 F. Supp. 2d 929, 932 (M.D.N.C. 2005) ("The later petitions for certiorari did not resurrect the direct appeal. These petitions would simply be a request under N.C. R. App. P. 21(a) for extraordinary review. Saguilar, 348 F. Supp. 2d 595, 2004 WL 2913312. They are neither part of the direct review process nor the ordinary post-conviction review process which tolls the running of the one year federal statute of limitation in 28 U.S.C. § 2244(d)(1).").

4

defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service."); see Houston v. Lack, 487 U.S. 266, (1988); see also Byrson v. Harkleroad, 2010 U.S. Dist. Lexis 32376, p.9 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."), appeal dismissed, 2010 U.S. App. Lexis 26219 (4th Cir. December 27, 2010); Doak v. Quarterman, 271 Fed. Appx. 466, 467 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings); Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (declining to apply mailbox rule to Texas court filings where Texas did not recognize a mailbox rule for habeas actions); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule).

Petitioner's one-year period remained tolled while the MAR was pending from July 27, 2010, until the denial thereof on September 1, 2010, through petitioner's filing of his certiorari petition on October 12, 2010, and until that denial on October 29, 2010. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) (gap between denial of MAR and filing of certiorari petition tolled absent Petitioner's unreasonable delay in filing certiorari petition).

Then on October 29, 2010, the one-year period of limitation resumed and fully expired 29 days later on or about November 29, 2010. Because nothing was in place on that date to toll the

5

expiration of the limitations period, the petition is out of time. This pro se federal habeas application form was dated January 27, 2011, and is approximately two months out of time.

IV. <u>Certificate of Appealability</u>

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. <u>See</u> Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

V. <u>Conclusion</u>

Accordingly, Respondent's Motion for Summary Judgment (D.E. # 8) for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 13 day of January 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7